IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMUEL L. HILL, ) | |
| ) | |
| Petitioner, ) | 4:16CV3072 |
| ) | |
| V. ) | |
| ) | |
| SCOTT R. FRAKES, Dir. N.D.C.S., ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| Respondent. ) | |

This matter is before the court on Respondent's Motion for Summary Judgment (Filing No. 17). Respondent argues Petitioner's Petition for Writ of Habeas Corpus ("petition") is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## I.  BACKGROUND

Petitioner was convicted of second degree murder and use of a deadly weapon to commit a felony in the District Court of Douglas County, Nebraska. (Filing No. 18-3 at CM/ECF p. 2.) Petitioner was sentenced to thirty to forty-five years' imprisonment for second degree murder and five to ten years' imprisonment for use of a deadly weapon. (*Id*.)

The Nebraska Court of Appeals affirmed Petitioner's convictions and sentences on June 10, 2003. (Filing No. 18-1; Filing No. 18-3.) Petitioner's request for further review was denied by the Nebraska Supreme Court on August 27, 2003. (Filing No. 18-1.)

On August 20, 2004, Petitioner filed a motion for postconviction relief. (Filing No. 18-5.) Petitioner ultimately filed a third amended motion for postconviction relief on May 27, 2009, which was denied by the state court on October 23, 2009. (Filing

No. 18-6 at CM/ECF pp. 3-11; Filing No. 9 at CM/ECF p. 3.) Petitioner did not appeal from that order. (Filing No. 18-8.)

Petitioner filed another motion for postconviction relief on November 8, 2013. (Filing No. 18-7 at CM/ECF pp. 4-7.) The state court denied Petitioner's motion on February 19, 2014. (*Id*. at CM/ECF pp. 20-21.)

On January 13, 2015, on postconviction appeal, the Nebraska Court of Appeals affirmed the state court judgment. (Filing No. 18-2; Filing No. 18-4.) The Nebraska Supreme Court denied Petitioner's petition for further review on May 6, 2015. (Filing No. 18-2.) The mandate issued on May 26, 2015. (*Id*.)

Petitioner filed his habeas petition in this court on May 25, 2016. (Filing No. 9.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner has not responded to Respondent's summary

judgment motion. However, there is no doubt that the habeas petition is time-barred.

Petitioner's petition for further review on direct appeal was denied on August 27, 2003. Thus, the state court judgment became final, and the statute of limitations began to run, on November 25, 2003. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for writ of certiorari with the United States Supreme Court).

On August 20, 2004, Petitioner filed a motion for postconviction relief (Filing No. 18-5), which tolled the limitations period. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("The statute of limitations is tolled while state post-conviction or other collateral review is pending"). However, by the time the motion for postconviction relief was filed, a total of 269 days of the limitations period had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

The limitations period began to run again on Monday, November 23, 2009, the day after Petitioner's time expired to appeal from the state court's order denying his motion for postconviction relief. *See Streu v. Dormire*, 557 F.3d 960, 965-66 (8th Cir. 2009). Petitioner filed another postconviction motion on November 8, 2013. However, that motion did not toll the limitations period as the one-year period had already expired by that time. Clearly, Petitioner's habeas petition is time-barred.

The court sees no reason to toll the limitations period or grant Petitioner relief under the miscarriage of justice exception. Petitioner has not established that he pursued his rights diligently as it necessary for equitable tolling. *See Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Moreover, Plaintiff has not responded

3

to Respondent's summary judgment motion or produced any reliable, new evidence to support a claim that he is actually innocent. *Schlup v. Delo*, 513 U.S. 298 (1995). Therefore, Petitioner's habeas petition will be dismissed with prejudice.

### III.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (Filing No. 17) is granted.

2. Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

3. Petitioner's Motion for Summary Judgment (Filing No. 12) is denied.

4. Petitioner's Motion for Appointment of Counsel (Filing No. 14) is denied as moot.

5. The court will enter a separate judgment in accordance with this order.

DATED this 8th day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge